■ MIRIAM COHEN, Respondent, v. STANLEY F. COHEN, Appellant. — Order, entered February 14, 1969, unanimously affirmed, without costs and disbursements. It appears that the trial of this annulment or separation action was scheduled for April 28, 1969 and counsel should have proceeded with such trial rather than seeking relief by appeal. "As we have stated many times before, the remedy for any seeming inequity in a direction for payment of temporary alimony based on conflicting affidavits is a speedy trial where the true facts as to the finances and standard of living of the parties can be ascertained, and plaintiff's right to alimony can be finally determined. (See Lerner v. Lerner, 22 A D 2d 771; Gentile v. Gentile, 19 A D 2d 825.) " (Orenstein v. Orenstein, 24 A D 2d 753; see, also, De Gasper v. De Gasper, 31 A D 2d 886.) Of course, any award of permanent alimony should be based upon the evidence adduced at the trial, "and not upon the amount awarded as temporary alimony, which is determined upon the moving papers (Schine v. Schine, 28 A D 2d 976; Sklan v. Sklan, 29 A D 2d 526; Brown v. Brown, 31 A D 2d 516)." (De Gasper v. De Gasper, supra.) Concur — Eager, J. P., Capozzoli, McGivern, McNally and Steuer, JJ.

■ MAY A. LAIDLAW, Appellant, v. ANDREW FREEDMAN HOME, Respondent. —Judgment entered June 28, 1968, dismissing the complaint unanimously reversed on the law and the cause remanded for retrial, with costs and disbursements to abide the event. Plaintiff, a resident at defendant Home, testified that she slipped and fell in her bathroom on her return from luncheon outside the institution; the cause of the fall was said to have been an accumulation of water on the floor, not there before her departure. She was found there by defendant's employee some hours later. Although no witness testified directly as to how the water came to be on the floor, it was established through the examination before trial of defendant's housekeeper that it was the institution's established practice to clean bathroom floors by wet mopping, using a wring pail, on the same day each week; that Tuesday, the day of the accident, was that day for plaintiff's room, that it was the housekeeper's duty and regular routine to check on such cleaning and that she had done so that day about lunch time, finding it to have been cleaned, though she did not know by which of two employees assigned to the task. Such evidence provided a basis for inference at the close of plaintiff's case, "viewed in aspect most favorable to plaintiff," that defendant's employee negligently cause the condition which brought about plaintiff's mishap (see Spett v. President Monroe Bldg. Corp., 19 N Y 2d 203), and the motion to dismiss was erroneously granted. Plaintiff should have the opportunity to make an untrammeled presentation of her case at a new trial. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.